**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2992
_____

NG INVESTMENTS, LLC; FRONT ST INVESTMENTS, LLC,
Appellants

v.

ATAIN SPECIALTY INSURANCE COMPANY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cv-01667)
District Judge: Hon. Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(November 15, 2022)
_____

Before: HARDIMAN, RESTREPO, and PORTER,
*Circuit Judges*

(Filed: November 29, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

PORTER, *Circuit Judge*.

This case concerns the scope of an "all-risks" property insurance policy. NG Investments and Front St Investments bought a policy for 2204 Ridge Avenue from Atain Specialty Insurance. The insureds filed a claim for damage sustained when the adjacent building collapsed. Atain denied the claim. The District Court granted summary judgment for Atain because "the Policy nowhere provides coverage for damage caused by the collapse of an uninsured structure." J.A. 7. The insureds have not demonstrated a genuine dispute of fact material to that conclusion, so we will affirm.

I

NG Investments and Front St Investments bought an Atain insurance policy for 2204 Ridge Avenue. Under the policy, Atain "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." J.A. 36. "Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is" excluded or limited. J.A. 60.

There is one relevant exclusion. Atain "will not pay for loss or damage caused by or resulting from . . . Collapse, except as provided . . . in the Additional Coverage for Collapse." J.A. 61, 62. The policy further limits the exclusion: "But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss." J.A. 62.

In May 2021, the abutting building at 2206 Ridge Avenue collapsed. The insureds filed a claim for damage that 2204 sustained to the second-floor kitchen and hallway. The insureds argue that 2204 sustained damage from 2206 when "flying debris from that

2

building struck the exterior of Plaintiffs' buildings." Appellants' Opening Br. 7. Atain denied coverage. It informed the insureds that damage from a collapse is a Covered Cause of Loss only when the collapsed building is also insured under the policy. Because the policy did not cover 2206, Atain determined it was not obligated to pay for damage caused by 2206's collapse.

The insureds filed suit in state court for breach of contract. Atain removed the case to the District Court for the Eastern District of Pennsylvania. The parties conducted discovery for two months. Atain then filed its motion for summary judgment, which the District Court granted. The insureds appealed.

## II[1]

This Court reviews grants of summary judgment de novo, applying the same standard as the District Court. *Pichler v. UNITE*, 542 F.3d 380, 385 (3d Cir. 2008). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the moving party has provided evidence to support summary judgment, the nonmoving party cannot rest on its allegations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1332 and 1441. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291.

3

III

This case presents a straightforward question of contract interpretation: whether the damage caused when the building at 2206 Ridge Avenue collapsed is covered by the policy. The District Court correctly decided that there was no coverage because the undisputed facts show that the damage was caused by collapse, an excluded cause, and not a Covered Cause of Loss.

In insurance coverage disputes, we conduct a burden-shifting exercise to determine whether insurers must pay claims under an insurance contract. First, the insured must show that its claim falls within the policy's grant of coverage. *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 111 (3d Cir. 2009). The insurer may then demonstrate that a separate provision excludes coverage. *Id.*

The insureds posit their damage was caused by "flying debris that occurred when a third-party building fell down." Appellants' Opening Br. 19–20. They contend that flying debris is a Covered Cause of Loss. Under the policy, "if collapse results in a Covered Cause of Loss at the described premises, [Atain] will pay for the loss or damage." J.A. 62. The insureds conclude that their all-risks policy covered the damage and that the collapse exclusion does not apply.

The problem for the insureds is that Atain provided evidence that 2206's collapse, and not flying debris, caused the damage. Before the insureds initiated their case in state court, their adjuster asserted that 2204 sustained damage when 2206 "collapsed and fell onto" 2204. 21-cv-1667, Doc. 13-8, at 3. The insureds speculated about other causes but provided no evidence. They quoted an affidavit declaring that the damage was caused by

4

flying debris. The District Court correctly ignored that affidavit because it was not in the record. On appeal, they cite the complaint and their response to Atain's Statement of Undisputed Material Facts to create a genuine dispute as to the cause of the damage. But a plaintiff cannot rest on its complaint when opposing a properly supported motion for summary judgment, *Anderson*, 477 U.S. at 249, and their response does not cite evidence supporting their flying-debris theory of causation. So the District Court correctly disregarded the insureds' unsupported factual allegations and found no genuine dispute that 2206's collapse caused 2204's damage.[2] J.A. 6.

The sole question that remains is whether 2206's collapse is a Covered Cause of Loss. It is not. When interpreting insurance contracts, we "ascertain the intent of the parties as manifested by the language of the written instrument." *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999) (quoting *Gene & Harvey Builders v. Pa. Mfrs. Ass'n*, 517 A.2d 910, 913 (Pa. 1986)). Only when a policy is ambiguous do we construe it in favor of the insured.[3] *Id.*

In this policy, "Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is: Excluded . . . or Limited." J.A. 60. The policy unambiguously excludes collapse as a Covered Cause of Loss when it says, "We will not pay for loss or damage

---

[2] Because the undisputed evidence shows that the damage was caused by 2206's collapse and not flying debris, the collapse did not cause a Covered Cause of Loss. The exception to the collapse exclusion is not implicated here.

[3] The insureds assert that the District Court's interpretation of the policy is contrary to their reasonable expectations of coverage. A single conclusory statement does not adequately present an argument. Even if it did, the insureds have not cited any evidence of their expectations, so we cannot evaluate those expectations for reasonableness.

caused by . . . Collapse, except as provided below in Additional Coverage for Collapse." J.A. 61, 62. The additional coverage applies only if the collapse is of an insured building, which is not the case here. *See* J.A. 65. As a result, 2206's collapse is an excluded cause not saved by the additional coverage provision.

The insureds assert that this interpretation of the collapse provision is overly broad. In their reading of the policy, Atain is not required to pay for damage if the insured building collapses, but it is required to pay for damages to the insured building if another building collapses. To reach that conclusion, the insureds insert language into the collapse exclusion. *See* Appellants' Opening Br. 22 (the exclusion "means that Defendant will not pay for the **collapse of the Covered Property**"). Because we decline to do so, we reject the insureds' interpretation.

IV

Because the insureds provided no evidence that the damage to the building at 2204 Ridge Avenue resulted from a Covered Cause of Loss, the District Court correctly held that there was not a genuine dispute of material fact and that Atain was entitled to judgment as a matter of law. We will affirm.

6